[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Application for review of sentence imposed by the Superior Court, Judicial District of Litchfield at Bantam. Docket No. CR94-82804.
E. Paul Haringa, Esq., Counsel for Petitioner.
 Andrew Wittstein, Esq., Assistant State's Attorney for the State.
X BY THE DIVISION
CT Page 6254
The petitioner entered a plea to criminal possession of a weapon, a violation of Connecticut General Statutes § 53a-217, a class D felony which carries a penalty of not less than 2 years incarceration nor more than 5 years incarceration. Apparently, petitioner was also convicted of being a serious persistent felony offender. Connecticut General Statutes § 53a-40 (b)(g) which enhanced the penalty for the criminal possession charge to that of a C felony which carries up to a 10 year sentence, 2 years of which are the mandatory minimum.
The sentencing court imposed a sentence of 10 years execution suspended after 8 years incarceration (2 years of which are mandatory) with 5 years of probation.
The petitioner seeks review of this sentence.
Counsel for petitioner asserted before the Panel that the petitioner was not being sentenced for the offense of which he was convicted, but for being an abusive father and abusive spouse. Counsel claims on the day of this offense there existed no indicia of violence.
The counsel for the state related that in 1972 the petitioner fired 16 gunshots which inflicted wounds on petitioner's daughter and two others. Petitioner was convicted in 1972 of 3 counts of assault in the first degree and received a prison sentence of 18 months incarceration.
On the day of the incident which is the subject of this sentence, June 20, 1994, the petitioner, who at the time resided out of state, arrived at his son's home in Torrington armed with a handgun and smelling of alcohol.
Family members of the petitioner relate an extraordinary family history of abuse at the hands of the petitioner and are in constant fear of harm from the petitioner. The presence of a handgun in the possession of one previously convicted of shooting three people (albeit 22 years ago) accentuated the fear of three CT Page 6255 of the petitioner's offspring.
At the hearing before the sentencing court, the petitioner's three offspring detailed their fear of reprisal from the petitioner.
The sentencing court took all appropriate information into consideration and indicated:
 "In this particular case, I'm allowed by statute to take into consideration as a persistent, serious, felony offender, if I am of the opinion that the defendant's history and character and the nature and circumstances of his criminal conduct indicates that extended incarceration will best serve the public interest, and I'm going to tell you that I do and am of that opinion, That his history and character and the nature and circumstances of his criminal conduct indicate that extended incarceration will best serve the public interest, including that of his family."
The court went on to sentence the petitioner as indicated.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book § 43-23 et seq. and Connecticut General Statute § 51-194 et seq.
In reviewing the record as a whole, this Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
The sentence imposed was neither inappropriate or disproportionate. The sentence is AFFIRMED.
Miano, J.
Klaczak, J. CT Page 6256
Norko, J.
Miano, J., Klaczak, J. and Norko, J. participated in this decision.